IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

TAMISHA LEWIS-JUNGE,

                Plaintiff,

    v.

BARTLETT REGIONAL HOSPITAL;
ALASKA NATIVE MEDICAL
CENTER; MAT-SU REGIONAL
HOSPITAL; IAN WHEELS; BONEY
COURTHOUSE; NESBITT
COURTHOUSE; U.S. AIR FORCE;
and ALASKA STATE TROOPERS,

                Defendants.

Case Nos. 3:26-cv-00075-RRB
           3:26-cv-00148-RRB
           3:26-cv-00150-RRB
           3:26-cv-00166-RRB


**ORDER OF DISMISSAL
UPON SCREENING**

## I. INTRODUCTION

Pending before the Court are the 4 above-captioned cases filed in February

and April 2026 by self-represented litigant Tamisha Lewis-Junge ("Plaintiff"). Plaintiff

seeks relief pursuant to 42 U.S.C. § 1983. Plaintiff's Complaints allege that various

individuals and entities have committed medical malpractice and/or violated her

constitutional rights, and she collectively names eight Defendants. The cases allege

violations of rights such as "cruel and unusual punishment" and "freedom of speech," and

Plaintiff names the Alaska State Troopers and the U.S. Air Force as Defendants in all four

cases. The Court takes judicial notice[1] that Plaintiff also has filed numerous civil complaints in Alaska Superior Court,[2] as well as 63 prior cases in this Court, many against the same defendants named here.[3] Federal law requires this Court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in federal court without paying the filing fee.[4] The Court now screens Plaintiff's latest four cases collectively pursuant to 28 U.S.C. §§ 1915(e).

## II. DISCUSSION

### A. Improper Defendants

As with Plaintiff's prior Complaints, these four Complaints repeat factual allegations involving kidnappings, "camouflage," "deepfake audio," "hypnosis," forced medication, robbery, and rape, all of which Plaintiff claims to have recorded "with nano contact lenses." As with her prior cases, Plaintiff names entities, rather than individuals, such as the Alaska State Troopers and the U.S. Air Force, as well as three hospitals, and two courthouse buildings. Additionally, Plaintiff names a state court judge. As this Court

---

[1] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." BLACK'S LAW DICTIONARY (12th ed. 2024).

[2] Publicly available records of the Alaska Trial Courts may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

[3] This Court previously dismissed 63 cases filed by Plaintiff in 2025. *See, e.g.*, Case No. 3:25-cv-00201-RRB, Docket 6.

[4] 28 U.S.C. § 1915. *See also Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]"); *Denton v. Hernandez,* 504 U.S. 25, 30 (1992) (recognizing Congress's concern that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits").

Order of Dismissal Upon Screening
*Lewis-Junge v. Bartlett Regional Hospital, et al.* Page 2 of 8
Case 3:26-cv-00148-RRB    Document 6    Filed 06/02/26    Page 2 of 8

previously has explained at great length, none of the Defendants named are subject to suit under § 1983.[5]

Case No. 3:26-cv-00166 against **Judge Ian Wheels** involves a state court case with the Office of Children's Services. Judge Wheels is an improper Defendant and any claims against him must be dismissed with prejudice. Plaintiff cannot state a claim against a judicial officer "because [a] judge is absolutely immune for judicial acts."[6] This judicial immunity is immunity from lawsuit, not just from ultimate assessment of damages, and it cannot be overcome by allegations of bad faith or malice.[7] Moreover, Plaintiff's claims against Judge Wheels previously have been dismissed, rendering the new Complaint against Judge Wheels duplicative.[8] A complaint may be found frivolous if it "merely repeats pending or previously litigated claims."[9]

Plaintiff names three hospitals and two courthouse buildings as Defendants. A defendant in a civil rights lawsuit **must be a "person" acting under color of state law.**[10] As previously explained to Plaintiff, a building is not a person or entity subject to liability under § 1983 claims. The same is true for medical centers and hospitals.[11] Plaintiff cannot maintain a civil rights claim against a privately-owned hospital or medical center if

---

[5] Case No. 3:25-cv-00201-RRB, Docket 6. A copy of the prior order is attached.

[6] *Simmons v. Sacramento County Superior Court*, 318 F. d 1156, 1161 (9th Cir. 2003).

[7] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

[8] *See* Case Nos. 3:25-cv-00203-RRB and 3:25-cv-00224 RRB, both dismissed on December 5, 2025.

[9] *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citation and quotation omitted).

[10] 42 U.S.C. § 1983.

[11] *See Howlett v. Rose,* 496 U.S. 356, 365 (1990); *Flint v. Dennison,* 488 F.3d 816, 824–25 (9th Cir. 2007).

Order of Dismissal Upon Screening
*Lewis-Junge v. Bartlett Regional Hospital, et al.*                                   Page 3 of 8
Case 3:26-cv-00148-RRB    Document 6    Filed 06/02/26    Page 3 of 8

there is no indication that the hospitals were acting with state authority. Claims against these buildings are, once again, dismissed with prejudice.[12]

With respect to **Alaska Native Medical Center ("ANMC")**, when alleged events occur at a federally funded healthcare facility, the proper defendant in such a case is the United States of America, and such a case must be brought under the Federal Torts Claims Act.[13] To the extent that Plaintiff seeks to bring a medical malpractice claim under the FTCA, she first must seek an administrative resolution of her claim by filing a claim with the appropriate agency.[14] Because Plaintiff has not provided any indication that she filed an administrative claim that was denied before bringing this suit, the claims against ANMC must, once again, be dismissed.[15]

**The U.S. Air Force** is not a proper defendant in a § 1983 case, as it is immune from suit absent express authority revoking such immunity.[16] Claims against federal agencies or federal agents in an official capacity generally are barred by sovereign

---

[12] *See* Case Nos. 3:25-cv-00196-RRB (*Lewis-Junge v. Nesbett Courthouse, et al*); 3:25-cv-00213-RRB (*Lewis-Junge v. Matsu Regional Hospital, et. al*); 3:25-cv-00228-RRB (*Lewis-Junge v. Boney Courthouse, et. al*); 3:26-cv-00075-RRB (*Lewis-Junge v. Bartlett Regional Hospital, et. al*); 3:26-cv-00148-RRB (*Lewis-Junge v. Matsu Regional Hospital, et. al*).

[13] *See Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam) ("[T]he United States is the only proper party defendant in an FTCA action."); *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998) ("The FTCA is the exclusive remedy for tortious conduct by the United States, and it only allows claims against the United States.").

[14] 28 U.S.C. § 2675(a); *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992); *see also McNeil v. United States,* 508 U.S. 106, 113 (1993) (holding that where a pro se plaintiff filed suit four months before filing his administrative claim, the Supreme Court unanimously held that "the FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").

[15] 28 U.S.C. § 2675(a). *See* Case No. 3:25-cv-00218-RRB (*Lewis-Junge v. Alaska Native Medical Center, et. al*).

[16] *Gerritsen v. Consulado General De Mexico*, 989 F.2d 340, 343 (1993).

Order of Dismissal Upon Screening
*Lewis-Junge v. Bartlett Regional Hospital, et al.*                                              Page 4 of 8
Case 3:26-cv-00148-RRB     Document 6     Filed 06/02/26     Page 4 of 8

immunity.[17]  If sovereign immunity has not been waived, the court must dismiss the case for lack of subject matter jurisdiction.[18]  Accordingly, claims against the U.S. Air Force are dismissed with prejudice.

Plaintiff's claims against the **Alaska State Troopers** cannot be maintained in federal court because these agencies are arms of the state, and must be dismissed with prejudice.[19]  The State of Alaska and state agencies are not considered "persons" under 42 U.S.C. § 1983.[20]  Further, the Eleventh Amendment to the U.S. Constitution protects states and state instrumentalities—the "arms of the state" such as the State's governmental branches, divisions, offices, and departments—from being sued in federal court unless the state has waived its immunity.[21]  The State has not waived immunity for civil rights claims alleging violations of the federal Constitution in federal court.  Accordingly, claims against the Alaska State Troopers are dismissed with prejudice.[22]

---

[17] *Blackburn v. United States,* 100 F.3d 1426, 1429 (9th Cir. 1996) ("An action can be brought by a party against the United States only to the extent that the Federal Government waives its sovereign immunity.").

[18] *See FDIC v. Meyer,* 510 U.S. 471, 475 (1994).  *See also United States v. Sherwood*, 312 U.S. 584, 586 (1941) ("The United States, as sovereign, is immune from suit save as it consents to be sued . . .").  *See also Gillespie v. Civiletti,* 629 F.2d 637 (1980) (*Bivens* applies only to individual federal officers).

[19] *Humphrey v. Straube*, No. 3:22-CV-00009-JMK, 2023 WL 6378174, at *4 (D. Alaska Sept. 29, 2023) ("Neither party disputes that the State of Alaska, Office of Children's Services, is a state agency.).

[20] *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 70 (1989).

[21] *Doe v. Regents of the Univ. of Calif.*, 891 F.3d 1147, 1153 (9th Cir. 2018); *Alabama v. Pugh,* 348 U.S. 781 (1978).

[22] Plaintiff named the Alaska State Troopers in more than half of her first 63 filings.

## B.    Improper Claims

Even if Plaintiff had named an appropriate defendant, she fails to identify any viable claims.  Claims brought by a plaintiff in a § 1983 case must allege a violation of either a right guaranteed by the Constitution or an enforceable right created by a federal statute.  Plaintiff's claims do not meet either description.

Plaintiff alleges "cruel and unusual punishment" against a state court judge, the U.S. Air Force, the Alaska State Troopers, and several hospitals.  As previously explained, the Cruel and Unusual Clause of the Eighth Amendment applies only to **convicted prisoners**.  Plaintiff can allege cruel and unusual punishment only for those instances that occurred while she was incarcerated, and only against the individuals responsible.[23]  If Plaintiff was a pretrial detainee during the alleged events giving rise to her claims, they must be brought under the Fourteenth Amendment's Due Process Clause.[24]  Plaintiff previously was given the opportunity to bring any claims associated with her incarceration at Hiland Mountain.  She failed to do so by the deadline established by this Court.[25]

With respect to "freedom of speech," Plaintiff suggests that between 2017 and 2026, the United States Air Force has used "deep fake audio" and "hypnosis" to control her speech.[26]  She has not, however, described an injury-in-fact or alleged an affirmative

---

[23] The Court takes judicial notice of Plaintiff's periodic incarceration at Hiland Mountain Correctional Center and Anchorage Correctional Center between 2015 and 2024.  However, a correctional center is not an appropriate defendant under § 1983.

[24] *Kingsley v. Hendrickson*, 576 U.S. 389 (2015).

[25] *See* Case No. 3:25-cv-00201-RRB, Docket 6 at 27–28.

[26] 3:26-cv-00075 RRB, Docket 1 at 4.

link between any specific injury and the conduct of any individual defendant. Moreover, these claims are duplicative of prior dismissed claims.[27]

## III. CONCLUSION

A district court shall dismiss the case at any time if the court determines that the action:

> (i)     is frivolous or malicious;
>
> (ii)    fails to state a claim on which relief may be granted; or
>
> (iii)   seeks monetary relief against a defendant who is immune from such relief.[28]

Normally, before a court may dismiss any portion of a complaint, it must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[29] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[30] In this matter, amendment would be futile for several reasons.

A complaint may be found frivolous if it "merely repeats pending or previously litigated claims."[31] Plaintiff previously filed 63 complaints that all were based on similar allegations. Following dismissal by this Court, Plaintiff now has filed four new

---

[27] *See* Case Nos. 3:25-cv-00224; 3:25-cv-00236; and 3:25-cv-00241.

[28] 28 U.S.C. § 1915(e)(2)(B).

[29] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[30] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[31] *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citation and quotation omitted).

Order of Dismissal Upon Screening
*Lewis-Junge v. Bartlett Regional Hospital, et al.*                                    Page 7 of 8
Case 3:26-cv-00148-RRB     Document 6     Filed 06/02/26     Page 7 of 8

complaints based on the same alleged facts, naming the same defendants and stating the same grounds for relief. Plaintiff's claims, therefore, are frivolous.

Additionally, although Plaintiff alleges violations of federal constitutional rights, including freedom of speech and freedom from cruel and unusual punishment, she has not described an injury-in-fact or alleged an affirmative link between any specific injury and the conduct of any individual defendant. "Pleading is not like playing darts: a plaintiff can't keep throwing claims at the board until she gets one that hits the mark."[32] Plaintiff fails to state a claim for which relief can be granted.

Accordingly, for the reasons discussed in this Order, as well as in this Court's prior Order, Plaintiff's claims cannot be redressed under § 1983. The Court further finds that amendment would be futile for the reasons explained.

**IT IS THEREFORE ORDERED:**

Plaintiff's Complaint *in each above-captioned case* is **DISMISSED with prejudice**. Plaintiff's motions to seal medical records are **GRANTED**. Any other pending motions, including Plaintiff's applications to waive payment of the filing fees, are **DENIED as moot**. The Clerk of Court shall issue a final judgment and close each case.

IT IS SO ORDERED this 2nd day of June, 2026, at Anchorage, Alaska.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge

---

[32] *R.P. ex rel. C.P. v. Prescott Unified Sch. Dist.*, 631 F.3d 1117, 1124 (9th Cir. 2011) (citation, internal brackets, and quotations omitted).

Order of Dismissal Upon Screening
*Lewis-Junge v. Bartlett Regional Hospital, et al.*                                    Page 8 of 8
Case 3:26-cv-00148-RRB    Document 6    Filed 06/02/26    Page 8 of 8